# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KINGLSEY ANYANWUTAKU,

     Plaintiff,

    v.

CITICORP MORTGAGE, INC., *et al.*,

     Defendants.

Civil Action No. 00–2295 (CKK/JMF)

## MEMORANDUM OPINION
(April 14, 2006)

On August 24, 2004, Magistrate Judge John M. Facciola issued a [38] Report and Recommendation in the instant case, "recommend[ing] that plaintiff's Motion to Vacate This Court's Order Dismissing Plaintiff's Complaint with Prejudice be granted and that the complaint be dismissed as to Citicorp and the Friedmans unless plaintiff serves it in accordance with the Federal Rules of Civil Procedure within 30 days." *Dkt. entry* [38] at 7.  The Report and Recommendation included the following text: "Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985)." *Id.* at 8.  The Report and Recommendation was electronically filed, and the electronic docket receipt indicates that Emmanuel D. Akpan, counsel for Plaintiff, was electronically mailed notice of this filing.  *See dkt. entry* [38], electronic receipt.

On September 16, 2004, this Court issued an [39] Order adopting the Report and Recommendation in full, but ordering that "Plaintiff must properly serve Defendants Alvin Friedman, Mark Friedman and Citicorp by October 18, 2004, and file an affidavit of service with

the Court; failure to do so will result in this case being dismissed *without further notice*." *Dkt. entry* [39] at 2 (emphasis added). This Order was electronically filed, and the electronic docket receipt indicates that Emmanuel D. Akpan, counsel for Plaintiff, was electronically mailed notice of this filing. *See dkt. entry* [39], electronic receipt.

On November 1, 2004, this Court issued an [40] Order dismissing this case based on Plaintiff's failure to comply with the service requirements set forth in the Court's Order dated September 16, 2004. This Order was electronically filed, and the electronic docket receipt indicates that Emmanuel D. Akpan, counsel for Plaintiff, was electronically mailed notice of this filing. *See dkt. entry* [40], electronic receipt.

On December 6, 2005, <u>over one year</u> after the Court issued its [40] Order dismissing this case, Plaintiff filed through counsel [41] Motion to Vacate Order of Dismissal. In Plaintiff's Motion, brought "pursuant to rule 60(b)(1) & (6)," Plaintiff's counsel claims that he never received Judge Facciola's Report and Recommendation, the Court's Order requiring that Plaintiff properly serve Defendants by October 18, 2004, nor the Court's Order of dismissal. *Dkt. entry* [41] ¶¶ 1–3. Plaintiff's counsel specifically claims that his lack of action "falls within the class of excusable neglect referred to in Rule 60(b)" because sometime (presumably recently) after all of the aforementioned orders were posted and the case was dismissed, he allegedly placed calls with the Clerk's office leaving messages that he never received the aforementioned orders and did not receive a return call. *Id.* ¶ 4. On December 16, 2005, Defendants Alvin Friedman and Mark Friedman filed an [43] Opposition to Plaintiff's Motion to Vacate.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)

2

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b). Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

Since Plaintiff brings his Motion under the "the class of excusable neglect referred to in Rule 60(b)," and the phrase "excusable neglect" is listed in Rule 60(b)(1), the Court will first analyze Plaintiff's Motion to Vacate under Rule 60(b)(1). In making a ruling under Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside would prejudice [the other party], and (3) the alleged [action] is meritorious." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted).

Under the terms of Rule 60(b), Plaintiff's Motion to Vacate was not timely filed. *See* Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1),

(2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). *See also U.S. ex rel. Cyr v. AWL, Inc.*, 159 F.3d 637 (Table) (D.C. Cir. 1998) ("Rule 60(b)(1) motions are timely if filed within a reasonable time not to exceed one year . . . ."); *Baltia Airlines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996). Plaintiff's Motion to Vacate was filed <u>more than one year</u> after the Order dismissing the instant case was issued. On this basis alone, Plaintiff's Motion to Vacate should not be granted under Rule 60(b)(1).

The Court also notes that in the instant case, Plaintiff's counsel (Emmanuel D. Akpan) <u>was</u> electronically sent a copy of the [38] Report and Recommendation, the Court's [39] Order requiring that Plaintiff properly serve the remaining Defendants, and the Court's [40] Order dismissing the instant case. Furthermore, it is Plaintiff's obligation to monitor the docket. *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) ("Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket."). In addition to having retained counsel in this case, it should be noted that Plaintiff himself is a sophisticated litigant (having brought multiple actions before this Court) who has in this very case previously faced dismissal for want of prosecution and should be aware of the importance of complying with Court Orders.

Vacating dismissal of the case as to Defendants Alvin Friedman, Mark Friedman, and Citicorp Mortgage, Inc., would certainly be highly prejudicial, considering that Plaintiff's Motion to Vacate was filed nearly over 13 months after this case was dismissed. Finally, Plaintiff makes absolutely no argument in his Motion to Vacate regarding the merits of Plaintiff's action. *See dkt. entry* [41] generally. "[M]otions for relief under Rule 60(b) are not to be granted unless the

movant can demonstrate a meritorious claim or defense." *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). *See also Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."). Plaintiff, the movant in this case, has not met his burden of demonstrating in his Motion to Vacate pursuant to Rule 60(b)(1) that his claims have any merit whatsoever.

While Rule 60(b)(6) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), such latitude "should be only sparingly used," *Good Luck Nursing Home Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Relief under Rule 60(b)(6) is granted in only "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950). Such extraordinary circumstances may be present "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present that information was inexcusable." *Good Luck Nursing Home*, 636 F.2d at 577. However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Id.* To obtain relief in such a situation, then, the moving party must demonstrate that its case "is not the ordinary one." *Computer Professionals*, 72 F.3d at 903. Relying on the analysis applied to Plaintiff's claim under Rule 60(b)(1), the Court also concludes that Plaintiff has not presented any evidence of extraordinary or otherwise compelling circumstances warranting relief within the Court's discretion under Rule 60(b)(6).

For the foregoing reasons, Plaintiff's [41] Motion to Vacate Order of Dismissal is

DENIED.  An Order accompanies this Memorandum Opinion.


Date: April 14, 2006


_____/s/_____

COLLEEN KOLLAR-KOTELLY

United States District Judge